# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Rose Ann Minter, ) | Bankruptcy No. 10 B 06208 |
| ) | |
| Debtor, ) | |
| ) | |
| Eugene Crane, Trustee, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 10 A 01902 |
| v. ) | |
| ) | |
| Steven S. Russo a/k/a Steven S. Russo, Ltd. and ) | |
| Alan P. Minter, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT
## ON COUNT I OF THE COMPLAINT

Eugene Crane (the Chapter 7 "Trustee") filed this motion for summary judgment on Count I of his Adversary Complaint against Steven S. Russo a/k/a Steven S. Russo, Ltd. ("Russo") and Alan P. Minter ("Alan") (collectively, the "Defendants") in the bankruptcy case of Rose Ann Minter ("Rose"). Count I seeks to avoid and recover an alleged preferential transfer to Russo under 11 U.S.C. §§ 547(b) and 550. For reasons set forth herein, the Trustee's motion for summary judgment is allowed and the Trustee wins judgment that he now owns the entire ownership interest in and to that Property. Since Count II of the Complaint was earlier resolved, the judgment on this Count will dispose of this adversary proceeding.

## JURISDICTION AND VENUE

Jurisdiction lies to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(F). Venue is proper under 28 U.S.C. § 1409(a).

## UNDISPUTED FACTS

On June 21, 2007, a petition for dissolution of marriage was filed by Rose Minter against her then-husband Alan Minter in the Circuit Court of Cook County, Illinois. Prior to that procedure Rose and Alan jointly owned their marital home. Russo is an attorney who represented Rose in the dissolution proceeding. On September 14, 2009, a judgment for dissolution of marriage was entered incorporating a settlement agreement (the "Settlement Agreement") between Rose and Alan. Paragraph 3.4 of the Settlement Agreement required Alan to execute a quit claim deed conveying his entire interest in the marital home located at 1133 Cardinal Drive, Palatine, Illinois (the "Property") to Rose within a reasonable period of time, but not later than sixty days after entry of that judgment.

On February 17, 2010, Rose filed a voluntary bankruptcy petition in Chapter 7. On or about November 24, 2009, Russo obtained a judgment order against Rose in the dissolution proceeding awarding him attorney's fees and costs in the sum of $24,014.00. On December 1, 2009, Russo recorded Memorandum of that judgment against Rose with the Cook County Recorder of Deeds under document number 0933518082. This created a lien in favor of Russo and against the Property on December 1, 2009, within ninety days before filing of the bankruptcy case.

The Trustee filed this Adversary Complaint against the Defendants in two counts. Count I seeks to avoid and recover an alleged preferential transfer to Russo under 11 U.S.C. §§ 547(b) and 550. Count II sought entry of a judgment declaring that Rose is the 100% owner of the Property and directing Alan to execute a quit claim deed to the Trustee as successor in interest to Rose. On May 24, 2011, an agreed order was entered in Count II directing Alan to execute a quit claim deed to the Trustee and thus adjudicating Count II in favor of the Trustee. The Trustee has reported that Alan has executed a quit claim deed of his interest to the Trustee.

In a stipulation of facts submitted and signed by attorneys for both the Trustee and Russo, Russo stipulated that his judgment lien was created within ninety days of the filing of the bankruptcy case, that it constituted a transfer of Rose's property to or for the benefit of a creditor of Rose, that it was for or on account of an antecedent debt owed by Rose to him before the transfer was made, that it was made while she was insolvent, and that it enabled him to receive more than he would receive in Rose's bankruptcy case had the transfer not been made.

## STANDARD OF REVIEW

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). *See also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Vukadinovich v. Bd. of Sch.*

*Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 499-500 (7th Cir. 2008).

## DISCUSSION

A bankruptcy trustee may avoid certain preferential transfers made from the debtor's estate before the debtor filed a bankruptcy petition. Specifically, § 547(b) provides that:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of the transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if–
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

4

Russo admits that his lien was created within ninety days of the filing of the bankruptcy case, that it constituted a transfer of Rose's property to him or for his benefit, that it was for or on account of an antecedent debt owed by Rose to him before the transfer was made, that it was made while Rose was insolvent, and that it enabled him to receive more than he would receive in Rose's bankruptcy case had the transfer not been made.

Thus, the only remaining disputed issues are: (1) Whether Russo has standing to dispute the estate's interest in the Property; and, (2) Whether the bankruptcy estate includes 100% ownership interest in the Property as a result of the pre-petition judgment in the dissolution proceeding wherein Alan was ordered to quit claim his 50% interest to Rose.

The Trustee argues that disputing the Trustee's interest in the Property is not a defense available to Russo, but could only be asserted by the other co-owner, Rose. The Trustee cites no supporting authority in making this assertion, and there can be no doubt that Russo has standing to dispute the Trustee's assertion that the estate now holds a 100% interest in the Property. If the Russo lien did not extend to Rose's pre-bankruptcy interest in the Property, there would have been no transfer to him of Rose's interest. Russo is able to dispute an element of § 547(b) as to that interest, namely whether there was a "transfer" to him under § 547(b) when he recorded his judgment against the Property.

What constitutes property of the estate is a question of federal law, but state law determines whether a debtor has an interest in the property in the first place. *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992); *Butner v. United States*, 440 U.S. 48, 54-55 (1979).

In *Rueff v. Rueff (In re Rueff)*, 259 B.R. 895 (Bankr. C.D. Ill. 2000) a divorced couple had separately filed for bankruptcy after receiving a judgment of dissolution of marriage under

5

Illinois law. *Id.* at 896-97. The judgment of dissolution provided that the ex-wife was to quit claim the deed to the marital home to the ex-husband, but she had not done so. *Id.* at 897. It was held that the judgment of dissolution created a constructive trust with respect to the marital home, in favor of the ex-husband and that the marital residence was, therefore, not property of the ex-wife's estate. *Id.* at 898. *See also In re Richardson*, 75 B.R. 601, 603-04 (Bankr. C.D. Ill. 1987) (holding that ex-wife acquired an equitable interest in real estate pursuant to judgment of dissolution of marriage).

In this case, Rose acquired, by virtue of the marriage dissolution judgment, an equitable interest in Alan's 50% interest in the Property, so that Alan thereafter held his interest in a constructive trust for the benefit of Rose until he complied with the state court order that he transfer his interest to her. Until he did so, Alan held bare legal title in that interest after the state court dissolution judgment was entered.

Under 11 U.S.C. § 541(a), property of the estate encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." Therefore, the bankruptcy estate in this case encompassed upon filing of the bankruptcy, 100% of the interest in the Property, consisting of Rose's 50% interest plus an equitable right to Alan's 50% interest.

A judgment lien was created when Russo recorded the Memorandum of Judgment in the office of the Cook County Recorder of Deeds. *See* 735 ILL. COMP. STAT. 5/12-101. The Illinois statute with respect to judgment liens states that a judgment lien is liable to enforcement against "[a]ll the lands, tenements, real estate, goods and chattels . . . of every person against whom any judgment has been or shall be hereafter entered in any court . . . ." *Id.* § 5/12-112. Real estate, for

the purposes of the statute, is defined as all "lands, tenements, hereditaments, and all legal and equitable rights and interests therein . . . ." *Id.* § 5/12-105.

The Supreme Court held long ago in *Potter v. Couch*, 141 U.S. 296 (1891) that under Illinois law, an equitable interest in an active trust administered by trustees was not an estate on which a judgment at law would be a lien or an execution at law could be levied, even though the definition of "real estate" in the judgment lien statute in force at the time included equitable rights and interests. *Id.* at 1011-12. That opinion drew a distinction between "passive, simple, or dry trust[s], with no duty except to convey to the persons ultimately entitled" and an "active trust". *Id.* at 1011. In this case, a different relationship was demonstrated. Alan held bare legal title in the Property, but only subject to his duty to convey his interest to Rose. Thus, the principle in *Potter* is inapplicable here.

Based on the definition of "real estate" in § 5/12-105, Russo's judgment lien attached to Rose's entire interest in the property, including Rose's 50% equitable interest in Alan's ownership rights. *See Whiteford v. Hootman*, 104 Ill. App. 562 (3d Dist. 1902) ("[U]nder the present statute both the equitable and legal interest of a judgment debtor in lands and tenements may be taken and sold under execution or other legal process . . . .") Because the Russo judgment lien attached to Rose's entire interest, it constituted a transfer of an interest of Rose in property with respect not only to the admitted 50% interest held in Rose's name, but also to the 50% equitable interest in Alan's property rights as well. *See* 11 U.S.C. § 101(54)(A). Thus, the recording of Russo's judgment effected a transfer of rights that, in the context of stipulated facts, constituted a preferential transfer of property interest that is recoverable by the Trustee pursuant to §§ 547(b) and 550.

## CONCLUSION

For the foregoing reasons, the Trustee's motion for summary judgment will separately be allowed, the Trustee may avoid Russo's lien on the Property, and judgment will declare the Trustee's right to 100% interest in that Property.

Dated this 22nd day of June, 2011.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge